## Baker v. Commonwealth.

(Decided October 6, 1922.)

### Appeal from Perry Circuit Court.

1. Criminal Law—New Trial—Setting Aside Default Judgment.—On the hearing of a motion entered at the same term to vacate and set aside a default judgment, the same strict showing is not required as in a subsequent proceeding after the term to set the

same aside and grant a new trial, or in motions for a new trial made in actions where the party asking the same was present in court and participated therein.

2. Criminal Law—New Trial—Vacation of Judgment.—While in such proceedings the matter is largely within the discretion of the trial court, where the facts relied upon in an affidavit or affidavits in support of the motion are uncontroverted and no counter affidavits are offered or considered, the discretion consists in determining judicially whether the uncontroverted facts justify the vacation of the judgment or the granting of a new trial.

3. Criminal Law—New Trial.—An uncontroverted affidavit showing that the only reason defendant was not in court at the time the case was called, and when a default judgment was entered against him, was that he was ill and unable to be in court or come to the court, and that he had a good defense and could show it and that he was not guilty of the offense charged in the indictment, presented good ground to vacate the judgment and grant him a new trial upon the ground of unavoidable casualty or misfortune.

4. Intoxicating Liquors—Requirement as to Execution of Bond.—The prohibition act of 1920 supersedes all other pre-existing anti-liquor laws, and there being no provision therein authorizing the court to require defendant to execute a bond not to violate same in the future, such requirement was unauthorized and void.

WOOTTON, SMITH & WOOTTON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellant was indicted in the Perry circuit court on the 5th of January, 1922, charged with the offense of unlawfully having in his possession for the purpose of sale vinous, malt, spirituous and intoxicating liquors.

At a subsequent term of the court and on the 2nd day of May, 1922, the case was called for trial and appellant being absent and no plea ever having been entered by him or anyone for him, the allegations of the indictment were taken for true, a jury empaneled and a verdict returned against him finding him guilty and fixing his punishment, and upon this verdict judgment was entered.

There was further appended to the judgment the requirement that defendant execute a bond in the sum of two thousand dollars to keep the peace and not commit any offense pertaining to the penal laws of this Commonwealth and especially the offense of selling liquor.

On the 5th day of May appellant appeared in court and entered a motion to set aside the verdict of the jury and the judgment entered thereon and filed his motion and grounds for a new trial, assigning as a reason therefor that the cause of his absence was that he was sick at his home and confined to his bed and therefore unable to be be present at the trial.

The affidavit filed in support of this ground for a new trial states in substance, and by plain inference, that the only reason of his absence at the trial was that he was at the time confined to his home on account of illness, and was therefore unable to be present at the trial or make any defense to the charge. It further discloses that he had been sick for several days prior to the time of the trial on account of the rupture of the membrane enclosing the bowels, and that at the time the affidavit was made he was still sick; and further that on that day he was for the first time able to come to the county seat since his said illness. It further states that he has a good and valid defense to the charge contained in the indictment, and upon a new trial when he could be present in person and the cause heard upon its merits, he can show he is not guilty of the charge in the indictment and that the showing will be true, and that he is not in fact guilty of the charge.

It is inferable from the statements in the affidavit that his said sickness was the only reason he was not present at the trial, and that therefore he had expected to be, and it had been his purpose to be present at the trial and be ready at that time to present a valid defense and show that he was not guilty.

The motion was made and the affidavit filed at the same term of court at which the default judgment was entered, and only three or four days thereafter.

Not one word or statement contained in his affidavit was controverted by any counter affidavit, and the statements must therefore be treated as being confessed by the Commonwealth.

The same strict showing is not required in a motion to set aside a default judgment entered at the same term the judgment is, as is required in subsequent proceedings after the term to set it aside and grant a new trial, or in motions for a new trial made in actions where the party asking the new trial was present in court and participated in the trial. The reason for this is obvious. In

the last two cases named the party has already been in court during the trial, has presumably been heard by himself and other witnesses, while in the former case a default judgment has been taken against him without a trial of any kind on the merits of the controversy.

It is the rule that in such proceedings to set aside a judgment and grant a new trial the matter is largely within the discretion of the trial court; but where the facts relied upon in an affidavit or affidavits in support of the motion are uncontroverted and no counter affidavits are offered, his discretion consists in determining judicially whether the uncontroverted facts stated justify him under the law in sustaining the motion.

We have here a defendant who comes into court, at the same term, three days after a default judgment has been taken against him, and files his affidavit showing that the only reason he was not in court at the time the case was called was that he was ill and unable to be in court; that he had a good defense, and could show it, and that he was not guilty of the charge in the indictment, and those facts not only are not controverted but there is no effort to controvert them, and no time asked by the Commonwealth in order to see whether it can controvert them. So that we have the action of the court denying appellant the right to have the default judgment set aside at the term it was entered in the face of the confessed fact that appellant was physically unable to appear at the trial, had a good defense to the indictment, and was not guilty of the charge. In the case of Baker v. Owensboro Savings Bank & Trust Co., 140 Ky. 121, an action was begun by the appellee against appellant on the 22nd of May, 1908, and at the following term of the court and on the 23rd of June, 1908, a default judgment was taken against appellant. Three months thereafter and after the expiration of the term, Baker instituted an independent action for the purpose of vacating the judgment on the ground of unavoidable casualty or misfortune which prevented her appearance to and defense of the action, and after setting up the fact that she had a good and valid defense to the claims asserted in the action, as shown by an answer which she offered to file therein, she stated in substance that at the time the action was instituted, and continuously from that time until the 25th of August, 1908, she was disabled and incapacitated by illness to attend to business, and was rendered incapable

to attend to any business, and was especially incapable and unfit to attend the court and make defense to the action.

To that action to vacate the judgment a demurrer was sustained and this court in reversing that judgment said:

"While it is true the court's processes must be respected, and that when a party is sued, he must, when able, take steps to prepare for and make his defense, yet, where he is incapacitated by sickness to make any preparation for his defense, or to make his defense to the action, and is as a matter of fact incapable of attending to any business, we conclude that, when these facts are made to appear the trial court should not hesitate to vacate the judgment and grant a new trial on account of unavoidable casualty or misfortune which prevent him from appearing or defending."

The situation in this case is in no material respect different from the one there presented, except that there the court held that even after the expiration of the term the party had made a sufficient showing justifying the vacation of the judgment, while here appellant appeared in court three days after the judgment was entered, and during the term, and made in substance the same showing. A default judgment will be vacated and set aside for practically the same reasons in a civil case and a criminal or penal prosecution.

We therefore hold that upon such a showing as is made by appellant here, when uncontroverted, the court abused its discretion in not vacating the judgment and granting him a new trial.

It is not improper to further say that the requirement in the judgment of the court that appellant should execute a bond to keep the peace and not thereafter sell liquor was wholly unauthorized by the law in existence at the time this indictment was returned and the alleged offense committed. The appellant was charged under the act of 1920, and that act supersedes previous acts providing for the execution of such bonds, and by its terms there is no authority to require such bonds, and therefore, the judgment to that extent was void. Walker v. Com., 192 Ky. 257.

For the reasons given the judgment is reversed with directions to grant appellant a new trial.