## Lakes v. Commonwealth.

(Decided January 16, 1923.)

### Appeal from Jackson Circuit Court.

1. Criminal Law—One Accused of Misdemeanor May be Tried in His Absence.—One accused of a misdemeanor is entitled to be present at his trial, although he may be tried in his absence if he be properly served with process.

2. Criminal Law—New Trial.—Where the deputy sheriff who arrested the defendant informed the defendant that his case was set for trial on the 5th day of the approaching term of the circuit court, and took from him a bond which did not fix the day, and the defendant believing and relying upon the statement of the deputy sheriff prepared for trial on the 5th day, the defendant is, upon timely application made by him, entitled to a new trial where his case was docketed for the 3rd day, called, and tried in his absence; and it is an abuse of discretion on the part of the trial judge to refuse a new trial where defendant shows by affidavit facts proving that he is not guilty; that he in good faith relied upon the

statement of the dupty sheriff and was preparing his defense for the 5th day of the court.

J. R. LLEWELLYN and H. M. DEAN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Lakes and several other persons were jointly indicted in the Jackson circuit court for the offense of gaming by playing at cards. The indictment stood for trial at the August term, 1922. When the deputy sheriff arrested appellant Lakes on a bench warrant he allowed him to execute bond for his appearance to answer the charge in the Jackson circuit court. The bond, which is made a part of the record, does not fix the date upon which appellant was required to appear. The deputy sheriff informed appellant that his case would be assigned for the fifth day of the approaching August term, and appellant having no other information upon the subject relied upon the statement of the deputy sheriff and set about to make preparation to defend his case on the fifth day. The clerk of the court docketed the case for the third day of the term, and on the calling thereof on said day, appellant failing to answer or make defense, the indictment was taken for true, and the jury fixed his punishment at a fine of $100.00. Appellant was not present in court and did not know of the trial until after it had been concluded. Learning of it he came into court the next day and filed his motion and grounds for new trial and in support thereof filed his affidavit setting forth the above stated facts. There was no affidavit contradicting that filed by appellant showing that he had been misled by the statement of the deputy sheriff and by reason thereof had been taken by surprise. The trial court overruled the motion of appellant and entered judgment against him, from which he appeals.

In view of the fact that appellant Lakes was misled by the statement of the deputy sheriff making the arrest as to the day on which the trial was to take place, and the further fact that appellant immediately upon learning of the trial and verdict, came into court and moved for a new trial and disclosed to the court by affidavit—not controverted—that he had been misled as to the day of trial;

that he had a good defense to the charge; that he was not guilty and could prove his innocence if given an opportunity so to do, we think his motion for new trial should have been sustained and the trial court failing to do so abused a sound discretion.

In the matter of granting new trials the circuit court possesses a broad discretion; but where all the facts heard upon the motion prove beyond question the intervening of unavoidable casualty and misfortune against which the defendant could not have reasonably provided, it is the duty of the court to sustain the motion and grant new trial. Baker v. Commonwealth, 195 Ky. 847.

For the reasons indicated the judgment is reversed for new trial.

Judgment reversed.