## Chapman v. Commonwealth.

(Decided April 16, 1924.)

### Appeal from Pike Circuit Court.

Criminal Law—Refusal of New Trial for Misunderstanding as to Time of Trial Held Not Abuse of Discretion.—Court did not abuse its discretion in denying a motion for a new trial as to one tried and convicted on the second day of the term, in his absence, due to his being informed by deputy sheriff in a casual meeting that the deputy thought the case was set for the fourth day of the term.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who lived about twenty-five miles from Pikeville, was indicted for a violation of the prohibition law. His case was called for trial on the fourth day of the September term, 1923, but was continued and set for trial on the second day of the February term, 1924. He was tried in his absence and found guilty. On the next day he came to Pikeville, and learning of his conviction, moved for a new trial. In support of his motion he filed an affidavit to the effect that the deputy sheriff, who was out in his neighborhood summoning witnesses for the Commonwealth, notified him that his case was set for trial on the fourth day of the February term, and that relying upon this statement, he came to Pikeville on the evening of the third day of the term for the purpose of preparing for his trial on the next day. He also introduced the deputy sheriff who testified that after he had summoned some Commonwealth witnesses in appellant's case, he met appellant who asked what day his case was set for trial. He replied that he did not know exactly, but that it struck him that it was set for the fourth day of the term, but he had so many papers to serve that he could not remember the date, and that might not be correct. Appellant insists that the facts bring it within the rule laid down in Lakes v. Commonwealth, 197 Ky. 287, 246 S. W. 796, and that the court abused a sound discretion in refusing him a new trial. In the Lakes case it was undenied that the deputy sheriff who arrested Lakes informed him at the same time that his case would be set for trial on the fifth day of the August term of the court. In this case the information was not given by the officer when the arrest was made, but was given in a casual meeting between him and appellant. Furthermore, the statement was not one that appellant had the right to rely on. It indicated very clearly that the officer was uncertain as to the time of trial, and but emphasized the necessity of further inquiry by appellant to ascertain a fact which the law required him to know. The refusal of a new trial was not an abuse of discretion.

Judgment affirmed.