## Damron v. Commonwealth.

(Decided October 10, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Motion and Grounds for New Trial Verified by Oath Accepted as True, in Absence of Counter Affidavit.—Motion and grounds for new trial verified by oath of accused must be accepted as true, where Commonwealth's attorney made no effort to controvert statement therein by filing counter affidavit.

2. Criminal Law—New Trial Granted One Absent, Because of Misleading Information as to Time for Trial.—A new trial should have been granted one tried and convicted on day set for trial before he reached court, where his failure to be present at trial was due to misleading statement of deputy sheriff and Commonwealth's witness that it was set for the next day.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant was convicted of violating the prohibition law, and his punishment fixed at a fine of $300.00 and imprisonment for sixty days. The indictment charges the appellant with several different offenses, but as judgment was taken against him by default, we have no means of knowing of just which offense he was found guilty. His conviction occurred on February 19, 1924, which was the second day of the Pike circuit court. The appellant was indicted in September, 1923, and shortly after his indictment he was arrested, and when arrested, gave bond in the sum of $300.00 for his appearance to answer the

charge. At that time, no definite date had been fixed whereon the charge against him contained in this indictment would be heard; but in due time, the clerk of the Pike circuit court set this case for hearing on February 19, 1924. On that day the appellant came to Pikeville for the purposes stated in his motion and grounds for new trial; but when he reached town, he was arrested and put in jail. On his arrest, he learned that his case had been called and tried before he got there. Whereupon, he employed counsel and prepared the following motion and grounds for new trial:

"Now. comes the defendant, Rube Damron, and moves the court to set aside the verdict of the jury and the judgment rendered thereon and grant him a new trial for the following reasons:

"1st. He was misled by the statement of the deputy sheriff when he was summoning the witnesses in his case. He asked him what day his case was set for trial and he informed him it was set for the third day of the present term of court. Also the Commonwealth's witness informed him that he was summoned for the third day of the term, and when the deputy sheriff told him what day his case was set for, he put it down on a calendar, and if he had not been misled by the statements of the deputy sheriff and the Commonwealth's witness he would have been present in court and ready to make a defense to this action.

"That he came to Pikeville on the second day of the present term of court so that he would have time to employ counsel and be present to make a defense in his case on the third day of the term; but when he reached Pikeville he met up with the deputy sheriff who informed him his case had been called that morning and a default judgment taken against him and the sheriff immediately arrested him and placed him in jail; that he has been fined $300.00 and sixty days in jail and the working statute applied.

"He states that he is not guilty of the charge and that he has a valid defense to this action, and the only reason that he was not here was that he was misled by the statement of the deputy sheriff and the Commonwealth's witness, and that he relied upon the statements they made to him and that he was busy at work and thought the information was correct or he would have come to Pikeville to see

what day his case was set for trial and would have employed counsel.

"That the Commonwealth's witness was not present when the case was called for trial because he thought the case was for the third day of the term."

The foregoing motion and grounds for new trial contain statements which were verified by the oath of the appellant, and we are compelled to accept them as true, as the Commonwealth's attorney made no effort to controvert those statements by filing counter-affidavits, and taking those statements as true, we feel that the appellant should have had a new trial, and that the court should have granted his motion.

The judgment is therefore reversed, and this cause remanded for proceedings consistent with this opinion.