## Ison v. Commonwealth.

(Decided June 5, 1925.)

Appeal from Letcher Circuit Court.

Criminal Law—Where Accused was Misled as to Date of Trial and Failed to Appear, Court Abused its Discretion in Denying New Trial.—Where warrant or appearance bond did not fix date of trial, and accused's affidavits that she was unable to read and write and that she was informed by sheriff that her case was set for trial on fifth day of term were uncontroverted, and case was called without her knowledge on second day, held that court abused its discretion in refusing a new trial.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

An indictment was returned against appellant at the September, 1924, term of the Letcher circuit court, charging her with the offense of "unlawfully manufacturing, selling, bartering, possessing, giving away, keeping for sale, and transporting spirituous, vinous, malt and intoxicating liquors." She was arrested upon a 'bench warrant issued thereon, and, as permitted thereby, she gave bond in the sum of $500.00 to appear and answer the indictment at the January, 1925, term of the court. She did not answer when her case was called on the second day of that term, the indictment was taken as confessed, and a jury fixed her punishment at a fine of $200.00 and confinement for thirty days in the county jail. She appeared in court on the fifth day of the term, and filed motion and grounds for a new trial, which were overruled, and she has appealed.

In support of her motion for a new trial, she filed the affidavits of herself and one of her bondsmen, from which it appears she is unable to read and write, and that at the time the warrant was served upon her she was informed by the sheriff that her case was set for trial on the fifth day of the term; that she is not guilty of any of the offenses charged in the indictment; that she relied upon the information given her by the sheriff and appeared for trial on the fifth day of the term in accordance therewith, prepared to make defense to the indictment.

There is nothing in.the warrant or bond to show that the case was set for trial on the second day of the term, and appellant's affidavits are not contradicted by any proof whatever. We have held, in a number of cases, that under such circumstances it is an abuse of a sound discretion for the trial court to refuse to grant a new trial. Lakes v. Commonwealth, 197 Ky. 287, 246 S. W. 796; Damron v. Commonwealth, 204 Ky. 765, — S. W. —.

Wherefore, the judgment is reversed, and the cause remanded for a new trial consistent herewith.