## Bentley v Commonwealth.

(Decided December 18, 1925.)

# Appeal from Pike Circuit Court.

1. Criminal Law—Denial of New Trial Because Defendant Failed to Appear through Illness Held Not Abuse of Discretion.—Refusal to grant new trial, on ground that defendant was prevented from appearing by illness, was not an abuse of discretion, where defendant's affidavit did not explain failure to ask for continuance or state extent of illness.

2. Criminal Law—Defendant Not Appearing Cannot Obtain Reversal of Conviction Because Indictment Charged More than One Offense. —A defendant charged with all offenses denounced by Kentucky Statutes, section 2554a-1, cannot obtain reversal because indictment charged more than one offense and Commonwealth should have elected, where he failed to satisfactorily explain nonappearance at trial, and is thereby regarded as in no better position than if he had been present and failed to enter demurrer or motion to elect, in which event he would have waived error in indictment and right to trial for a single offense.

3. Criminal Law—Trial Presumed to be Only One of Several Offenses Charged, where Punishment was Adapted Only to One Offense.— Where defendant, charged with all offenses denounced by Kentucky Statutes, section 2554a-1, and fined $400.00, failed to bring up evidence or instructions on appeal, and only offense of manufacturing liquor was punishable by fine of more than $300.00, it is presumed that trial and conviction concerned but such one of several offenses charged.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant was indicted in October, 1924. The indictment charges him with all of the offenses denounced by the first section of the Rash-Gullion Act (Ky. Statutes, 2554a-1). He was arrested and gave bond for his appearance on the 10th day of January, 1925. The case was not called for trial until July 12, 1925.

He did not then appear, but as the record discloses a jury was "selected and sworn according to law and after hearing the evidence and instructions of the court returned the following verdict: "We the jury agree and find the defendant guilty and fix his fine at $400.00 and

60 days in jail. Working statute applied. (Signed) James Bevins, one of the jury.'' A judgment was entered upon the verdict, and three days later appellant appeared and filed motion and grounds for new trial, which was overruled, and he has appealed.

In support of his motion he filed only his own affidavit, in which he stated that he was not guilty of any of the offenses charged in the indictment; that he ''was prevented from being present on account of sickness of himself, and that said sickness is and was the only reason why he was not present and defend said charge; that if a new trial be granted him he can show that he is not guilty of said charge.''

It will be noticed that the affidavit contains no explanation of why the defendant, if sick and unable to attend court at the time, did not then manifest that fact to the court and procure a continuance of his case. Besides he does not in his affidavit indicate the character or extent of his sickness, and for aught that appears he may have been only slightly indisposed and quite able to have been in attendance upon court. To hold that the trial court abused a sound discretion in denying a new trial upon such a flimsy showing would take away from the court and give to the defendant the power to determine when or if at all he would present himself for trial. Under such circumstances we but recently upheld the action of the trial court in denying a new trial where the evidence of illness was much stronger than it is here. Hensley v. Commonwealth, decided November 6, 1925, and not yet reported. Hence the judgment can not be reversed upon this ground.

The other insistence is that the judgment should be reversed because the indictment charges appellant with the commission of a half dozen or more offenses, and that even though there was no appearance or demurrer to the indictment the Commonwealth should have been required to elect which of the numerous offenses charged it would prosecute, since otherwise he was not tried for any particular offense and a conviction under such circumstances, and particularly in his absence, does not amount to a fair and impartial trial such as is guaranteed to every one by the laws of the land.

We are not impressed with this argument. Having failed to offer a satisfactory explanation of his failure to appear appellant certainly is in no better position to complain of the judgment than if he had been pres-

ent and failed to enter a demurrer or a motion to elect, in which event he clearly would have waived the error in the indictment as well as his right to be tried for a single offense. Besides the record shows that evidence was heard and the jury instructed upon the law relative thereto.

Of the offenses charged, the first is that of manufacturing intoxicating liquor, which alone of those charged is punishable by a fine of more than $300.00. As a fine of $400.00 was assessed against appellant and he has not brought up the evidence or the instructions, it will be presumed that the evidence heard related only to the offense of manufacturing liquor illegally. It therefore appears from the record that although the indictment is multiplicious and there was no demurrer thereto or motion to elect, defendant was in fact tried and convicted of but one of the several offenses charged, i. e., manufacturing.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.