### Combs v. Commonwealth.

(Decided October 22, 1926.)

### Appeal from Letcher Circuit Court.

1.  Criminal Law.—Statements in affidavit for new trial, not controverted by counter affidavit, are treated as confessed.
2.  Criminal Law.—Refusal to vacate default judgment and grant new trial, on uncontradicted affidavit of accused that train was late, held abuse of discretion.

FELIX G. FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant was indicted in the Letcher circuit court on August 28, 1925, charged with the offense of unlaw-

fully having in his possession intoxicating liquors. The case was called for trial at a subsequent term of the court on January 19, 1926, and appellant not being present, a jury was impaneled and instructed by the court to find the defendant guilty. The jury returned a verdict finding him guilty and fixed his punishment at a fine of $300.00 and imprisonment for 60 days.

Shortly thereafter appellant appeared and learning that a default judgment had been entered, employed an attorney and filed a motion to set aside the judgment and grant him a new trial. In support thereof he filed his affidavit, in which he stated that he resides in Knott county, a distance of twenty-five miles from Whitesburg, the county seat of Letcher county, and nine miles from the nearest railroad station; that on the morning the case was set for trial he left his home before daylight and walked nine miles to the railroad station, intending to take the regular morning train to Whitesburg, which was due to arrive there at 8:35 a. m., and in time for the trial; that the train was one hour late and that he immediately went to the courthouse, upon its arrival. He further stated that the only witness for the Commonwealth was also a passenger on this train and that he (appellant) was not guilty of the offense charged in the indictment. The court overruled the motion to set aside the judgment and grant appellant a new trial and he appeals.

The statements contained in appellant's affidavit were not controverted by any counter affidavit and they must therefore be treated as being confessed by the Commonwealth. The matter of granting a new trial in such a proceeding is largely within the discretion of the trial court, but under the uncontroverted facts set out in appellant's affidavit in support of his motion the trial court's action amounted to an abuse of that discretion.

On the authority of Damron v. Commonwealth, 204 Ky. 765, 265 S. W. 338; Varney v. Commonwealth, 201 Ky. 548, 257 S. W. 713, and Baker v. Commonwealth, 195 Ky. 847, 243 S. W. 1049, the judgment is reversed, with directions to grant appellant a new trial.