### Hogg v. Commonwealth.

(Decided November 12, 1926.)

## Appeal from Letcher Circuit Court.

Criminal Law—Where Defendant Became Ill and Bedfast on Day of Trial and Was Convicted in His Absence, he Was Entitled to New Trial Even Though he had Not Attempted to Procure Continuance.—Where defendant became ill and bedfast on day of trial and was convicted of an offense in his absence, he was entitled to new trial even though he had not let court know of his illness in order to procure continuance.

ASTOR HOGG for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Under an indictment charging him with every offense denounced by section 2554a-1 of the Kentucky Statutes, the appellant was tried and convicted, in his absence, of

some one of these offenses, but just which one we are unable to determine from the record. On the second day after this trial, and during the same term of court, the appellant appeared and made a motion for a new trial on the ground that he had been unable to be present in court on the day his case was tried because he was too ill to be there. In support of his motion he filed his affidavit setting out that he was not guilty of the offense of which he was convicted and that on the day he was tried he was "sick and bedfast" and unable to come to court. The Commonwealth filed no counter-affidavit and this statement of the appellant stands unchallenged in the record. The court overruled appellant's motion for a new trial and he has appealed.

There being no dispute about the fact that appellant on the day of his trial was "sick and bedfast" and hence unable to attend court, this case comes squarely within the rule laid down in Baker v. Commonwealth, 195 Ky. 847, 240 S. W. 1049, as the Attorney General frankly admits. Under circumstances similar to those in this case, we held in the Baker case that the trial court abused its discretion in not vacating the judgment and granting the accused a new trial.

It is true that in the case of Bentley v. Commonwealth, 212 Ky. 159, 278 S. W. 567, we said that an accused in a case like the present one should, in addition to showing the reason for his unavoidable absence from the trial, also make some showing as to why he did not manifest that reason to the court before his trial and undertake to procure a continuance of his cause. But the affidavit filed in this case and uncontroverted states that on the day of his trial appellant was "sick and bedfast." He does not say that he had been taken ill prior to this day or was aware of the fact of his incapacity to attend court until the day of his trial. A fair construction of the affidavit is that appellant became ill and bedfast on the day of his trial. If he was so ill as to be bedfast on that day, he is to be excused from not letting the court know that fact in order to procure a continuance of his case. As the Commonwealth did not controvert appellant's affidavit, it must be taken as stating the true situation.

Therefore, for the reasons herein indicated, the judgment herein is reversed, with instructions to grant appellant a new trial.