## Wolking v. Commonwealth.

(Decided December 19, 1930.)

HARRY F. KUMLER for appellant.

J. W. CAMMACK, Attorney General, and ULIE J. HOWARD for appellee.

Opinion of the Court by Judge Logan—Reversing.

Appellant was charged by an indictment in the Kenton circuit court with having violated the provisions of section 2467a-1 et seq., Ky. St. The charge is that he purchased material from the Boone-Kenton Lumber Company to be used in a house to be erected on a lot owned by appellant; that the material was so purchased as to cause a lien on the real estate to attach for its payment; that the debt was not paid and was not released in writing by the company; that appellant did unlawfully, willfully, and fraudulently mortgage, transfer, and convey the real estate to a building and loan association before the expiration of the time provided by law for the filing and recording of a material-men's lien, and that, having thus obtained money, he unlawfully, willfully, and fraudulently neglected and refused to pay the company for the material furnished, or to pay it the pro rata part of the sum so owing for the material so furnished.

He filed a demurrer to the indictment which was overruled. He failed to plead to the indictment, and the court fixed his punishment at a fine of $500 and confinement in the county jail for six months. He has appealed from the judgment.

The appellant makes the contention that the indictment is not good on demurrer because the offense is not sufficiently described by its terms. We find it necessary

to ascertain from the statute itself the intention of the Legislature before determining the sufficiency of the indictment. It is well known that an owner may contract for material and labor, and, after having obtained it, in whole or in part, he may dispose of the property before the statutory lien has been perfected. The lien is given by section 2463, Ky. St., but it is dissolved unless the claimant within six months after he ceases to labor, or furnish material, files in the office of the clerk of the county court a statement of the amount due him and causes it to be recorded, as required by sections 2468 and 2469, Ky. St. The statute under consideration is that, if the owner contracts for labor, or material, used as set out in the first section of the statute above mentioned, and sells, or mortgages, the property on which the lien has, or may, attach before the expiration for the time to file the statement mentioned in the sections last cited, the owner shall apply the money in full or pro rata to the payment of the debts so contracted unless the debt is released in writing by the person entitled thereto. The intention of the Legislature was to protect those furnishing labor and materialmen against loss by reason of the act of the owner in causing the rights of third parties to intervene to the prejudice of those having an unperfected lien. If the lien has been perfected, the one having the lien is not prejudiced if the property is mortgaged or sold to a third person, but, if the person furnishing the labor or material has failed to perfect his lien, the owner may defeat his claim by a sale of the property, or by placing a mortgage upon it. If the owner does this before the lien has been perfected by filing the statement, and before the time has expired for its filing, then he is guilty of an offense unless he has obtained a release of the lien in writing by the lienholder, or unless he satisfies the lien debt in whole or pro rata out of the funds realized from the sale of the property or the proceeds of the mortgage, or out of other money.

The indictment is defective in that it does not show that the lienholder had not perfected the lien. If it had perfected the lien, the company did not suffer. The section means that after a lien has attached, or if it may attach, and the owner disposes of the property by sale or mortgage, or otherwise, before the lienholder has perfected his lien, by filing statement of his lien the owner has committed the offense charged. The indictment should have alleged, as it did, that the mortgage

was executed before the time to file the lien had expired, and it should have further alleged that the lien had not been perfected at the time the mortgage was executed.

The Legislature did not attempt, by this statute, to do more than to prescribe an offense if the owner defeated the collection of the lien by disposing of the property, or placing another lien against it, after the lien for labor or material had attached, or after it may attach and before the lienholder perfected the lien. The case, therefore, is not one which falls under the doctrine announced in Burnam v. Com., 228 Ky. 410, 15 S. W. (2d) 256.

Another ground relied on for reversal is that the court was without power to impose a judgment for $500 and a prison term of six months without the intervention of a jury. The appellant did not plead to the indictment although present in court. The contention of appellant is sustained by the opinion in the case of Bates v. Com., 190 Ky. 338, 227 S. W. 472.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.

Chief Justice THOMAS and Judge CLAY dissenting.