# Keith v. Commonwealth.

Sept. 28, 1945

J. Howard Holbert for. appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On November 22, 1944, the grand jury of Hardin County returned an indictment against appellant accusing him of the common law misdemeanor of assault and battery, his victim being Sherman Spencer. He had previously been arrested for the commission of the offense under a warrant issued by the County Judge of Hardin County, and at the hearing before that officer he waived examination and executed bond for his future appearance for trial. The indictment was not tried at the same term of the court at which it was returned, but was continued until the following March, 1945 term. On the sixth day of that month the indictment was called for trial, but the defendant was not present. Whereupon default judgment was rendered against him and a jury empaneled to fix his punishment, which it did, by a fine of $50 and confinement in the county jail for thirty days.

Within forty minutes after the verdict was returned, and before judgment thereon was rendered and signed, defendant appeared and entered his motion to set aside the default judgment and permit him to present his defense to the indictment which he said he had, and which later developed to be self-defense. The court overruled his motion and entered judgment on the jury's verdict, which it refused to set aside on appellant's motion for a new trial. He has filed a transcript of the record in this court with a motion for an appeal which is now sustained and the appeal granted.

The record—as disclosed by defendant's motion to set aside the judgment and by the bill of exceptions filed in the case—shows that defendant was under the impression that he would receive notice by the sheriff, or in some manner be informed of the day when the case was set for hearing, but he never received any, and he had previously made inquiry of the sheriff of the county if that officer had been given any notice to serve upon him stating the day upon which he was expected to appear for trial. It also appears in the record that defendant is inexperienced in such matters and has but a meager education and that he was not guilty of any harbored purpose to escape trial of the indictment against him. Neither had he employed any attorney until the default judgment had been taken against him.

The opinions of this court disclose that scarcely any rule of practice is more firmly settled in this jurisdiction than the one that in the circumstances outlined the moving defendant against whom a default judgment has been taken is entitled to have his motion sustained and a new trial granted. We need go no farther back than the case of Stewart v. Com., 197 Ky. 501, 247 S. W. 357, 359, for a substantiation of that statement. In that case the facts are practically identical with those appearing in this case. In it we reversed the judgment overruling appellant's motion to set aside the default judgment rendered against him and granted him a new trial. After reciting the facts we said: "Under the circumstances, can it be said that these severe consequences are the result of defendant's willful failure to obey the statute, or are they not more probably the result largely, if not entirely, of his laches, due to his ignorance of court procedure." It is also pointed out in that opinion that such a motion, if made during the term of court at which the default judgment was taken, will be more leniently considered by the court than one made after that term of court has expired; the rule being that in the circumstances the duty of the presiding judge is to exercise a liberal discretion in ruling upon the motion.

The outlined practice in such cases, as contained in the Stewart opinion, was approved and applied by this court in the case of Short v. Com., 221 Ky. 181, 298 S. W. 381. In that opinion we referred to and quoted from the Stewart opinion, which referred to cases preceding

and following it up to the time of rendering that opinion, one of which was Southern Insurance Co. v. Johnson, 140 Ky. 485, 131 S. W. 270. Others rendered before the Short opinion are: Bates v. Com. 190 Ky. 338, 227 S. W. 742; Baker v. Com., 195 Ky. 847, 243 S. W. 1049, and Varney v. Com., 201 Ky. 548, 257 S. W. 713. A still later case is Wolking v. Com., 236 Ky. 741, 33 S. W. 2d 647.

In addition to our prior determinations of the precise question of practice involved herein, counsel for the Commonwealth in this case, in the beginning paragraph of their brief, say: "We are impelled to the conclusion that this appellant is entitled to a reversal and a new trial." Prosecuting counsel then proceed to cite the domestic cases supra and close their brief with this statement: "In view of the foregoing we believe that the appellant's motion for appeal should be granted and this case reversed." In taking that position briefing counsel for the Commonwealth are to be commended for their fairness in preparing cases for determination by this court, since as counsel say: "It is the province and duty of this office (the Attorney General's office) to see that justice is done rather than a conviction be upheld." (Our parenthesis).

Wherefore, the judgment is reversed with directions to set it aside and to grant appellant a new trial and for other proceedings consistent with this opinion.