CASE 11—INDICTMENT—JANUARY 12.

# Commonwealth vs. Cheek.

APPEAL FROM THE FRANKLIN CIRCUIT COURT.

Upon an indictment for a misdemeanor, a judgment may be rendered against the defendant by default. (*Crim. Code, secs* 158 *to* 171, *inclusive.*)

J. L. Scott, for Commonwealth, cited *Crim. Code, secs.* 185, 171.

J. M. Harlan, Attorney General, on same side.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

The only question presented by this record is whether, upon an indictment for a misdemeanor, a judgment may be rendered against the defendant by default.

We are of opinion that the several provisions of the Code relating to the subject, were clearly intended to authorize such judgment. Those provisions are to be found in sections 158 to 171, inclusive.

Upon the call of the indictment for trial, the defendant *must* either move to set aside the indictment or plead thereto. (*Section* 158.) The three succeeding sections regulate the proceedings upon the motion to set aside the indictment.

If the motion is overruled, the defendant *shall be required* to plead to the indictment, the only pleading being a demurrer or plea. (*Sections* 162, 163.) The succeeding sections down to 171 regulate the proceedings in cases where the demurrer is sustained.

By section 171, it is declared that if the demurrer is over-

ruled, the defendant has the right to plead to the indictment; if he fails to do so, final judgment shall be entered against him, and, if necessary, a jury empanneled to fix the punishment.

In view of these sections, it seems clear that whenever, upon the call of the indictment for trial, the defendant neither moves to set aside the indictment, nor demurs nor pleads thereto, he becomes liable to judgment. It is certain that if he demurs unsuccessfully, and then fails to plead, judgment shall be entered; and it would seem equally certain, that if he should move unsuccessfully to set aside the indictment, and should then fail either to demur or plead, the consequence would be the same. But suppose he should, on the call of the indictment, fail either to make the motion or to plead; what possible reason can exist for requiring a jury to ascertain the facts charged, that would not apply to either of the other cases? For certainly his motion to set aside the indictment, and subsequent failure to demur or plead, or his mere demurrer to the indictment, would not operate as a confession of the facts charged any more than his failure to appear at all.

Our conclusion then is, that as the trial on an indictment for a misdemeanor may be had in the absence of the defendant (*section* 185), his failure to appear upon the call of the indictment for trial will have the same effect as his failure to plead after the overruling of his demurrer; and that, in either case, final judgment should be entered against him without the intervention of a jury, except where the punishment is not definitely fixed by law, and where, for that reason, a jury is necessary to fix the punishment.

The judgment of the court below is, therefore, reversed, and the cause remanded for a new trial, and further proceedings in conformity with this opinion.