## Starkey v. Commonwealth.

(Decided May 4, 1920.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Trial of Defendant in His Absence.—A defendant charged with a misdemeanor may be tried in his absence, if he has been duly served with the process of the court, or been admitted to bail.

2. Criminal Law—Trial of Defendant in His Absence.—When tried and convicted of the misdemeanor in his absence, the defendant will not be granted a new trial upon the affidavit of his attorney which fails to give any reason for his (the defendant's) absence or that he had a good defense to the charge; and merely shows that the trial occurred during the temporary absence of the attorney from the court room, which he left without informing the

court or any of its officers that he would have to be absent, or where he could be found if the case should be called for trial before his return.

O. A. STUMP for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This prosecution began with the arrest of appellant under a warrant from the Pikeville police court charging him with the statutory offense of willfully and unlawfully flourishing a pistol, a deadly weapon. His trial by a jury in the police court under the charge in the warrant resulted in a verdict finding him guilty and inflicting upon him a fine of $50.00. He took an appeal from the judgment entered on that verdict to the Pike circuit court, but failed to appear or make defense on his trial in that court wherein, probably by reason of his default, he was by the verdict of a jury again found guilty and his punishment thereby fixed at a fine of $100.00. The judgment entered by the circuit court on the verdict returned therein recites in detail the facts occurring on the last trial as above set forth, and provides that in the event of appellant's failure to immediately pay or replevy the fine of $100.00, and cost of the prosecution, he be required to "work out on some public road, at one day for each $1.00, of fine and cost." Appellant filed motion and grounds for a new trial, the overruling of which motion by the circuit court, led to the prosecution by him of the present appeal to this court.

The sole ground relied on by the appellant for a new trial in the court below and now urged for the reversal of the judgment of conviction by this court, was and is, that he was prevented by misfortune or unavoidable casualty, though these terms are not employed by him, from making a defense and obtaining a fair trial in the circuit court. This complaint is bottomed, not upon any fact that prevented him from attending the court on the day his case was set for trial or from being present when it was called for trial, although he had executed a bail bond for his appearance, but merely upon the claim that the attorney, previously employed to defend him on the trial, was temporarily absent from the court room when the case was called for trial and did not return until the jury trying the case had retired to their room, under the

instructions of the court, for the purpose of finding and returning a verdict; and that though the attorney upon his return, after several minutes' absence, to the court room asked the recall of the jury and that he be permitted to make appellant's defense, the court refused to accede to the request.

For some reason, unexplained in the record, appellant did not make or file in support of the motion for a new trial his own affidavit containing the alleged facts above stated, but they were attempted to be furnished by the affidavit of the attorney alone, which is quite indefinite in its statements of fact; and as there is no other evidence in the record as to what occurred at the trial we are confined to the scant information supplied by this single affidavit. It sets out with the admission that the affiant had previously been employed by appellant to defend him in this case, and that he had remained in the court room throughout the day on which the case was set for trial and was in the court room until 4 o'clock p. m. and within "a moment or two" of the calling of the case by the court for trial, when he temporarily left the court because of a severe headache, intending to return in a few minutes. Whether his departure was for the purpose of obtaining a remedy for his headache does not appear, but whatever the object, he did not return until after the jury had been empanelled, the indictment read, the instructions written and the jury taken to their room to consider their verdict.

It is not stated in the affidavit that the court knew of the attorney's employment by appellant or that the attorney before leaving the court room advised the court, clerk or any other person of the necessity for his doing so, or of his purpose to quickly return; nor did he request any one to call or notify him if the case was called before he returned. Neither is it stated in the affidavit nor claimed by appellant that the latter was in the court room awaiting the calling of his case, had been there at any time during the term, or that there was any arrangement between him and his attorney, or between either of them and any person in the court room whereby appellant or the attorney, if absent when the case was reached on the docket, was to be notified of that fact in time to enable them or either of them to get to the court room for the trial.

In addition to what has been said of its weakness in its showing of a want of diligence both on the part of client and attorney, the affidavit wholly fails to set forth what defense, if any, appellant had or expected to make to the charge in the warrant. It is stated therein that the affiant "does not believe that the defendant is guilty of the charge herein and that he has a good and valid defense," but these are mere conclusions of the affiant, resting, perhaps, on the blind faith the attorney often has in the client's mere assertion of his innocence; at any rate neither the nature of the defense nor the facts upon which it rests can be said to appear from anything declared by the affidavit.

In brief the affidavit affords no ground whatever for the appellant's complaint that injustice was done him by the circuit court either in the matter of trying him in his absence or refusing him a new trial. We have rarely seen a poorer showing for a new trial or reversal of a judgment, than that made for the appellant in this cause.

A defendant charged with a misdemeanor may be tried in his absence, if he has been duly served with the process of the court, or been admitted to bail. The facts contained in the affidavit are conspicuous for their complete showing of a total want of diligence both on the part of appellant and his attorney; and to grant the former the relief sought by him on this appeal would be a miscarriage of justice. Wherefore the judgment is affirmed.