## Bates v. Commonwealth.

(Decided January 28, 1921.)

## Appeal from Madison Circuit Court.

1. Criminal Law—Misdemeanor—Presence of .Defendant at Trial.— A defendant in an indictment for a misdemeanor has a right to be present at the trial, and it is error to try the cause and to render judgment against him in his absence, unless his absence is voluntary or at the least the circumstances do not deny such right to him.

2. Criminal Law—Misdemeanor—Absence of Defendant at Trial.— Upon the calling of an indictment for a misdemeanor, and the defendant, who has been duly brought before the court by proper process, fails to appear, the court will assume that his absence is voluntary, and that he thereby intends to waive his right, to be present, where no sufficient legal reason appears to the contrary, and the trial may be had in his absence.

3. Criminal Law—Failure of Defendant to Plead to Indictment.— Upon the calling of an indictment for a misdemeanor, the defendant, who is duly before the court by process fails to plead to the indictment, the indictment may be taken as confessed, and a judgment of guilty rendered and the punishment fixed and adjudged, by the court without the intervention of a jury, if the punishment for such offense is definitely fixed by law, but, if the punishment, which may be inflicted for the offense, is not definitely fixed by law, but, is one, within a discretion to be exercised between a maximum and minimum, a jury must be impaneled, not to determine the guilt, but to fix the penalty.

G. MURRAY SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Reversing.

The appellant, James Milton Bates, was indicted for the offense of carrying concealed upon or about his person, a deadly weapon, other than an ordinary pocket knife. A warrant was ordered issued for his arrest to require his presence to answer the indictment and to perform the judgment of the court, and his bail was fixed at the sum of one hundred dollars. The bond required his presence in court upon the day the prosecution was set upon the docket for trial, but upon the calling of the case, the appellant failed to appear or to plead to the indictment. The court thereupon rendered a judgment which contained an order declaring the bond to be forfeited, and directing a summons to be issued for the surety in the bond, requiring him to appear on a day in the next term of the court to show cause why a judgment should not be rendered upon the forfeiture of the bond for the amount thereof. The court, also, without the intervention of a jury, rendered a judgment against appellant, adjudging that he was guilty of the offense charged against him in the indictment, and fixing and adjudging his punishment for the offense at a fine of one hundred dollars and imprisonment for forty days in the county jail, and if the fine and costs were not paid or replevied, that he should be imprisoned, accompanied with hard labor, until the fine and costs were satisfied at the rate of one day for each dollar of the fine and costs, and the forty days of imprisonment to be, also, accompanied with hard labor. In addition to the foregoing, it was adjudged that he should be disfranchised for the period of two years.

The appellant filed grounds for a new trial upon the ground that the action was tried in his absence, and that he was prevented from being present and pleading not guilty to the indictment, by unavoidable casualty, and further that the court erred to the prejudice of his substantial rights, in adjudging him to be guilty and fixing the amount of the punishment for the offense, without intervention of a jury to determine whether he was or was not guilty of the offense, and the amount of punishment to be imposed upon him. The motion for a new trial was overruled, and hence the appeal.

The court was not in error in rendering a judgment as by default, except for the reason hereinafter stated. Section 184 Criminal Code, expressly provides that a trial for a misdemeanor may be had in the absence of the

defendant. A defendant in an indictment for a misdemeanor has a right to be present at the trial, if he elects to do so, and to meet the witnesses against him "face to face." Section 11, Bill of Rights. A trial of a defendant, in his absence, for a misdemeanor, can be had when his failure to appear is voluntary, and does not grow out of circumstances which amount to a denial of his right to be present, and to plead to the indictment. Veal v. Commonwealth, 162 Ky. 250; Threlkeld v. Commonwealth, 167 Ky. 657. Section 157, Criminal Code, provides that "Upon arraignment or upon the call of the indictment for trial, if there be no arraignment, the defendant must either move to set aside the indictment or plead thereto." By section 155, Criminal Code, it is provided that an arraignment shall be made only on indictments for felonies. Hence, it follows that upon the call for trial of an indictment for a misdemeanor, it becomes the duty of the defendant to either move to set aside the indictment or to plead thereto. The pleadings of a defendant must be a demurrer or a plea. Section 162, Criminal Code. Section 171, Criminal Code, provides that if a defendant demurs, and the demurrer is overruled, it then becomes his duty to plead, and if he fails to enter a plea, "final judgment shall be entered against him, and if necessary a jury impaneled to fix the punishment." The situation of a defendant in an indictment for a misdemeanor, who has unsuccessfully demurred to the indictment, and then fails to enter a plea of any kind, could not be different from that of one who neither demurs nor enters a plea. A defendant in an indictment for a misdemeanor, if under bond for his appearance or having been duly summoned may waive his right to be present, and if present such a defendant may waive his right to enter a plea to the indictment; and construing the above provisions of the Code, together, it plainly appears that when an indictment for a misdemeanor is called for trial, and the defendant therein having been duly summoned or placed under bond to appear and to answer to the indictment, and who voluntarily fails or declines to plead to it, the indictment will be taken for confessed against him, and a judgment may be rendered by default against him without aid of a jury, except as hereafter stated. Commonwealth v. Neat, 89 Ky. 241. Pursiful v. Commonwealth, 20 K. L. R. 863; Walston v. Commonwealth, 31 K. L. R. 378;

Payne v. Commonwealth, 16 K. L. R. 839; Commonwealth v. Cheek, 1 Duv. 27. When a defendant in an indictment for a misdemeanor has been by process duly brought before the court, and fails to appear or to plead to the indictment, the court will assume, in the absence of anything to the contrary, that his action is voluntary. Hence, upon the calling of this action for trial and the defendant failing to appear or to plead to the indictment, and no reason being indicated to the court that his failure to either appear or to plead was involuntary, or that his right to do so was denied by circumstances, the court was not in error in assuming that he elected to fail to appear or to plead, and was therefore authorized to adjudge that the defendant was guilty of the charge in the indictment, and to so render a judgment, and to, also, adjudge the degree of his punishment, if same was a punishment definitely fixed by law. A defendant against whom such a default judgment has been rendered, may, however, of course, upon proper grounds, move for a new trial, and a setting aside of the judgment, but it is not found to be necessary for the purpose of this opinion to determine whether the grounds, offered by the appellant for a new trial, were or were not sufficient. Section 258, Criminal Code, provides in "verdicts of guilty" or "for the Commonwealth," the jury shall fix the degree of punishment to be inflicted, unless the same be "fixed by law." Under the requirements of this section of the Code, there can be no doubt, if the appellant had entered a plea of either guilty or not guilty and the case submitted to a jury, it would have been within the exclusive province of the jury to have fixed the amount of the fine and the length of the imprisonment, at some amount and period in its discretion between the minimum punishment provided, and the maximum if its verdict had been that the appellant was guilty. It will be observed that the minimum fine for the offense was fifty dollars and the maximum one hundred dollars, and the minimum period of imprisonment was ten days and the maximum forty days. A jury might have and could have in its discretion fixed the punishment at a point between the minimum and maximum punishment for the offense. The failure to plead to the indictment had the same effect as a verdict of guilty by the jury. In construing the above section of the Code, and a similar one in the former Code, this court has held in Com. v. Cheek,

1 Duv. 27; Com. v. Neat, 89 Ky. 241, and Pursiful v. Com., 20 K. L. R. 863, that upon the calling for trial of an indictment for a misdemeanor, and the defendant failing to plead thereto, the court is authorized to render a judgment by default against the defendant, and to fix, without a jury, the punishment to be inflicted, if the punishment is definitely fixed by law; but, if the law does not fix a definite punishment it was then within the discretion of a jury, and a jury should be impaneled to fix the punishment, and the court is without authority to inflict it, without the aid of the verdict of a jury. In such a state of case, the jury would be directed to find the defendant guilty and then to fix the punishment within the limits prescribed by law. If the court, in the instant case, should have, without the intervention of a jury, assessed the minimum punishment provided by law, so far as the appellant was affected, he would have had nothing of which to complain, as a jury could not have made it less, but the court assessed the maximum punishment, and being without authority to fix the punishment at all, it was a denial to appellant of a right guaranteed to him by law and the judgment must therefore be reversed.

The appeal, so far as relates to the order forfeiting the bail bond, is dismissed, as such order is not one from which an appeal may be taken.

The judgment is therefore reversed and cause remanded for proper proceedings not inconsistent with this opinion.