## Buchanan v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Harlan Circuit Court.

1.  Appeal and Error—Record and Proceedings Not in Record—Conclusiveness of Unimpeached Record.—The recitation in an order contained in the transcript of a record which stands unimpeached, that defendant in a criminal prosecution was duly served with process, is conclusive on appeal, even though the process and return thereon are not shown in the transcript.

2.  New Trial—Absence of Defendant—Failure of Attorney to Notify Defendant of Time of Trial Not Ground for New Trial.—It is the duty of a defendant in a misdemeanor case to attend his trial, and if he elects to rely on the promise of his attorney to notify him when the case is called, the failure of the attorney to keep his promise is not a ground for a new trial, unless it further appears

that such failure was due to sickness or other cause which ordinary prudence could not have guarded against.

3. Appeal and Error—Matter Not Embraced in Grounds for New Trial Not Reviewable.—Alleged error in giving oral instructions in a criminal case not embraced in grounds for new trial is not reviewable.

LYTTLE & MORGAN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, Wilse Buchanan, was indicted for transporting intoxicating liquor in violation of the prohibition law. He was tried in his absence and his punishment fixed at a fine of $300.00 and sixty days in jail.

The first ground urged for reversal is that appellant was not before the court. The sole basis for this contention is that the transcript, as certified by the clerk, does not show that process was served on appellant. While this is true, the transcript does show the following order: "The defendant having been duly served with process, and failing to appear or make any defense, the indictment, etc." As the record stands unimpeached, the recitation in the order that appellant was duly served with process is conclusive upon appeal, even though the process and return thereon are not shown in the transcript.

Another ground urged for reversal is that appellant lived near the court house and employed an attorney who agreed to notify him when the case was called, but failed to do so. In support of this ground, appellant filed his own affidavit, but it was not supported by the affidavit of the attorney. It is the duty of a defendant in a misdemeanor case to attend his trial, and if he elects to rely on the promise of his attorney to notify him when the case is called, the failure of the attorney to keep his promise will not authorize a new trial, unless it further appears that such failure was due to sickness or other cause which ordinary prudence could not have guarded against.

Another contention is that the court erred in giving oral instructions to the jury, but this error is not reviewable, as it was not embraced in the grounds for a new trial.

Judgment affirmed.