## Coldiron v. Commonwealth.

(Decided November 25, 1924.)

### Appeal from Laurel Circuit Court.

1. Criminal Law—Code Provisions for Setting Aside Judgment Cannot be Invoked in Criminal Cases.—Civil Code of Practice, sections 344, 518, providing for setting aside of judgments for unavoidable casualty and misfortune, do not apply to, and cannot be invoked in, criminal cases.

2. Criminal Law—Judgments Rendered in Defendant's Absence Held Not to be Annuled.—Where defendant negligently failed to enter plea of not guilty during any term after indictment for violation of liquor laws, judgments rendered in his absence will not be annuled in absence of agreement or promise by Commonwealth's attorney misleading him or failure to learn of judgments till after term, so as to prevent motion for new trial.

WILLIAM MOORE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a petition in equity, seeking to set aside and annul certain judgments rendered against appellant in prosecutions for violations of the prohibition law, and to grant him a new trial therein.

It is substantially alleged in the petition that at the October, 1922, term of the Laurel circuit court appellant was tried and convicted on three indictments for violation of the liquor laws; his punishment aggregating $633.75 in fines; that at the time there were other indictments pending against him on similar charges, of which he was not guilty, though no plea had been entered

therein; that he understood that the latter indictments were to be continued during his good behavior; and that they were so continued from October, 1922, to the February, 1924, term; that he had been led to believe and did believe that the Commonwealth's attorney had abandoned the prosecution of the latter cases and had filed them away; but without any notice to him they were called for trial at that term of court, and in the absence of a plea, and in his absence, the indictments against him were taken as true, and he was convicted in three additional cases, his punishment aggregating $900.00 in fines and 180 days in jail, and for the reasons indicated the judgment in each case is void.

We are unable to determine whether the proceeding is intended to be a petition under section 518 of the Civil Code for unavoidable casualty and misfortune, or whether it is a petition in the nature of a motion to set aside a void judgment, but will consider it from both standpoints.

It has frequently been held that in misdemeanor cases the court is not required to enter a plea for the defendant, but that such cases may be tried in the absence of defendant; and further in the absence of a plea, the allegations of the indictment are taken as confessed, Bates v. Commonwealth, 190 Ky. 340; Payne v. Commonwealth, 16 Rep. 389, hence the judgments were not void.

It is equally as well settled that sections 344 and 518 of the Civil Code do not apply to and cannot be invoked in criminal cases. Wellington v. Commonwealth, 159 Ky. 462; Greer v. Commonwealth, 165 Ky. 717; Wells, &c. v. Commonwealth, 195 Ky. 742.

Aside from this, appellant could have entered a plea of not guilty during the term the indictments were found. He negligently failed to do this; further, he does not allege that he did not learn of the trial and judgments until after the adjournment of the term of court at which they were rendered, hence, it must be inferred that he had an opportunity to enter a motion for a new trial; nor does he allege any agreement or promise on the part of the Commonwealth's attorney relative to these prosecutions, or that he was misled in that way, hence if his petition could have been considered it would not have authorized the relief sought.

Perceiving no error, judgment is affirmed.