## Taylor v. Commonwealth.

(Decided February 25, 1927.)

### Appeal from Laurel Circuit Court.

1. Criminal Law—Where Defendant was Convicted, in His Absence, of Carrying Concealed Weapon, on Continuance After Another Indictment was Dismissed, Denial of New Trial Because Defendant Thought Both Charges were Dismissed Held Proper.—Where one of two indictments was dismissed, and the other indictment continued, under which defendant, being absent, was found guilty of carrying a concealed weapon, refusal of new trial, sought solely on ground that defendant believed both cases had been dismissed, without showing of newly discovered evidence, or any showing as to how defendant was led to believe both charges were dismissed, held not abuse of discretion, though defendant had originally pleaded not guilty, and claimed innocence on motion for new trial.

2. Criminal Law—Trial Court has Wide Discretion in Setting Aside Default Judgments.—Trial courts have wide discretion in matter of setting aside default judgments, which will not be interfered with, except in case of abuse; ruling applying where motion is made at same term at which judgment is rendered.

3. Criminal Law—Objection that Evidence was Insufficient to Sustain Verdict, Not Raised on Motion for New Trial, Could Not be

weapon, insufficiency of evidence to support verdict could not be Considered on Appeal.—In prosecution for carrying concealed considered on appeal, where not relied on in motion for new trial.

REAMS & JOHNSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 13, 1923, the grand jury of Laurel county returned an indictment against appellant and defendant below, Sam Taylor, accusing him of carrying concealed upon his person a pistol, which was a deadly weapon. At the same term of court he was also indicted charged with the offense of maliciously shooting at another without wounding him. For some cause defendant was not apprehended under the bench warrants that issued upon those indictments until after several terms of court had expired, and at the first one after the warrants had been served on him he appeared and entered pleas of not guilty to each of them, and at the same term the commonwealth by its attorney (for a cause not disclosed by the record) dismissed the indictment for malicious shooting but continued the one for carrying concealed deadly weapons until the next term of court. At the term of court to which continuance of that indictment was had defendant did not appear, but, as we have stated, he had previously entered a plea of not guilty thereto. When the prosecution was reached for trial the court impaneled a jury and heard the evidence of the commonwealth, whereupon it instructed the jury (and of which instructions no complaint is made) and a verdict of guilty was returned, upon which judgment was pronounced. Some five or six days thereafter, and at the same term of court, defendant appeared and filed his motion and grounds for a new trial, which consisted *solely* of the ground as set out therein, that at the time the indictment for malicious shooting was dismissed "He understood and believed that the concealed weapon case was also dismissed, and for that reason he was not present at court upon the calling of the case." He made the same statement in his affidavit that he made in his motion and in both motion and affidavit he stated that he was not guilty. He also filed an affidavit of a third person tending to sup-

port that of his own to the effect that he was not guilty, but the filing of that affidavit was not in support of any ground of "newly discovered" evidence. So that the sole and only ground upon which the verdict was sought to be set aside and a new trial granted was because of what might be and what he termed "unavoidable casualty" whereby defendant was deprived of being present at the trial and presenting his defense, and which cause or unavoidable casualty was the fact that he "understood and believed" that the indictment for carrying concealed a deadly weapon was dismissed at the same time that the other one was.

No reason whatever for his so understanding and believing is attempted to be stated. There is no intimation that the presiding judge, the commonwealth's attorney, the circuit court clerk, the sheriff or any other officer connected with the proceedings of the court or the trial of offenses said or did anything to produce any such belief or understanding on the part of defendant. We have consistently held that "In the matter of setting aside default judgments, trial courts have a wide discretion and will not be interfered with except in case of abuse." Algee v. Algee, 168 Ky. 362. And such is the rule when the motion therefor is made at the same term of court at which the judgment was rendered. A case involving facts almost identical with those presented by this record is Green v. Commonwealth, 152 Ky. 239. There, as here, the motion was bottomed upon the ground that the defendant, as stated by himself alone, *believed* that the prosecution had been dismissed when in truth and fact it had not, and a default judgment was taken against him. The trial court refused to set it aside upon a motion made for the purpose at the same term of court, and that judgment was affirmed on appeal to this one, and in the opinion we said: "The circuit judge has a broad discretion in motions of this character where a judgment has been entered and it is proposed to set the judgment aside and file an answer," which in that case was necessary, since defendant was proceeded against as surety on a forfeited bail bond.

Defendant, after his motion to set aside the default judgment was overruled, prepared what his counsel designates as a "bill of exceptions," which the trial court declined to sign or attest. He then filed the affidavits of

two bystanders supporting the correctness of his tendered bill, and it is now insisted that the commonwealth's testimony as therein set out was insufficient to sustain the conviction. But we need not determine that question for the manifest reason that it is not presented to us, even if we should concede that the alleged bill of exceptions was a properly prepared and filed bystanders' one, but concerning which we entertain great doubt. Conceding, however, for the purposes of the case that the bill of evidence was a proper bystanders' one, then the fact remains that the motion for a new trial contained no ground that the verdict was not supported by the evidence, and no question of practice is better settled than the one that errors not relied on in the motion for a new trial can not be considered by this court.

There appearing no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.