## Scott v. Commonwealth.

(Decided March 18, 1927.)

### Appeal from Pike Circuit Court.

1. Criminal Law.—Affidavit by attorney for defendant, prosecuted for manufacturing liquor, that on examining docket he found that case of person bearing defendant's name was set for same day as another case set for October 8, did not show that there was no case against defendant set for October 7, and affidavit, not stating defense to indictment, did not warrant new trial after conviction in defendant's absence on October 7.

2. Criminal Law.—Every presumption is in favor of correctness of trial court's decision, and, to warrant reversal, error must affirmatively appear from record.

3. Criminal Law.—Court of Appeals will presume that case against defendant was set for day on which he was tried, and that court would not have tried him if case had not been set for such date.

4. Criminal Law.—Defendant, convicted in his absence as result of own carelessness in not making diligent examination of docket as to date his case was set for trial, is not entitled to new trial.

J. C. CANTRELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant was fined $200.00 and sentenced to 60 days in jail for the illegal manufacture of intoxicating liquor. He was tried and convicted on October 7, 1926, in his absence. On the next day, he appeared with his attorney and witnesses, and filed his affidavit and that of his attorney, in which they state:

"This case was docketed at the last term of this court for the trial of criminal cases along with a number of other criminal cases for violation of the liquor laws where the same witnesses for the commonwealth as in this case were used and for violations alleged to have happened at the same time and place as that alleged and relied upon by the common-

wealth in this case, and particularly the case of Cummins Hatfield; that the defendant's attorney herein, J. C. Cantrell, many days before the beginning of the present term of this court and after the docket for this term had been completed by the clerk, came to Pikeville, and looked through the index to the docket for this term of court, and found that the case of the Commonwealth of Kentucky v. Cummins Hatfield, for violation of the liquor law, was set down for trial for the 5th day of the present term, and the 8th day of October, 1926, and that the case of John Scott for violation of the liquor law was set for the same day."

In this affidavit they failed to show that there was not a case of the Commonwealth v. John Scott set for October 7. "Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal error must affirmatively appear from the record." Oakes v. Oakes, 204 Ky. 298, 264 S. W. 752. Therefore we must presume that there was a case of Commonwealth v. John Scott set for the 7th, and the appellant should have exercised some diligence to ascertain whether or not that was his case. In the record he has brought here, we have only the indictment, the order filing it, and the judgment to show us what had been done previous to the filing of the motion for a new trial. We must presume the court would not have tried him on the 7th, if his case had not been set for trial that day. He has brought us nothing to show that such was not the case. He does not say in his affidavit that such was not the case, or that he has a defense to the indictment. Scott's situation apparently is the result of his own carelessness in not making a more diligent examination of the court order, something for which he has no one to blame but himself. His appeal is denied.

Judgment is affirmed.