## Short v. Commonwealth.

(Decided September 30, 1927.)

### Appeal from Greenup Circuit Court.

Criminal Law.—Refusing new trial after conviction in defendant's absence, under Ky. Stats., sec. 3748, concerning misfeasance in office or willful neglect of duty by county officials, held abuse of trial court's discretion, where the defendant claimed innocence and had been ready for trial at three terms of court, and under the circumstances punishment for the offense for which he had been convicted would be an unfair punishment, since it would,

in effect, be a punishment for his absence from court and was out of all proportion to that offense.

LOVEL H. LILES, for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant was indicted in the Greenup circuit court on the 3d of June, 1925, charged with the violation of section 3748, Kentucky Statutes. The indictment charges that on the 2d day of June, 1925, B. B. Short being the duly appointed and qualified constable of magisterial district No. 7 of Greenup county, and having been informed as such constable by Harvey Stewart that a moonshine still was located at or near the residence of B. B. Short, in Greenup county, Ky., he failed to seize or capture such still or to take any steps to effect the seizure of the still or of the owners and operators thereof.

The indictment was defective, but no demurrer was filed thereto, nor does appellant make any complaint on account of its insufficiency. The prosecuting witness, Harvey Stewart, and appellant were rival candidates for the office of constable at the ensuing election.

The case was continued at the next three terms of the Greenup circuit court, but on the 4th day of the November term, 1926, the case was called for trial, and, appellant being absent, he was tried and convicted and his punishment fixed at a fine of $1,000, the maximum provided under the statute. During the same term of court he filed a motion to set aside the judgment and grant him a new trial, in support of which he filed affidavits of a number of persons, and no counter affidavits were filed by the commonwealth. His motion for a new trial having been overruled, he has prosecuted this appeal.

It appears from the motion and grounds for a new trial and the affidavits filed in support thereof that the case had been continued at three terms of the court; that appellant was present and ready for a trial each time the case was continued; that he had employed an attorney who assured him there was nothing in the case, but that he would look after it for him; that appellant was compelled to leave the county to seek employment; and that the prosecuting witness was absent from the

county when the case was called for trial at the November term, 1926, of the court. Facts were stated in the affidavits filed in support of his motion and grounds for a new trial showing that he was not guilty of the offense charged.

When a motion is made to set aside a default judgment during the term at which it was rendered, a rule prevails different from the one when a new trial is sought after the term at which it was rendered on the grounds of casualty or misfortune or where both litigants have participated. In Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270, the rule is thus stated:

> "The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application."

This rule has been applied in criminal cases.

In Stewart v. Commonwealth, 197 Ky. 501, 247 S. W. 357, the facts were somewhat similar to those in the instant case, and this court said:

> "A new trial would have caused no delay, imposed no injustice upon any one, and for his delay in presenting his defense the court could have adequately punished defendant by imposing the accrued costs upon him, or by fine for contempt if that had been deemed necessary. Upon the other hand, the consequences of a denial of a new trial are that defendant must pay a fine of $1,000 and be confined in the county jail for 1 year, or if he cannot pay the fine he will have to stay in jail for more than 2½ years. Under the circumstances can it be said that these severe consequences are the result of defend-

ant's willful failure to obey the statute, or are they not more probably the result largely, if not entirely, of his laches due to his ignorance of court procedure? If the latter, his punishment is certainly out of all proportion to his offense, and, in any event, it is our confident judgment that the ends of justice would have been better served in this case by granting a new trial rather than by a denial thereof, and that defendant's 'laches' was not 'such as to close the ear of the court to his application,' but such at most as called for punishment by the court."

Taking into consideration all the circumstances of this case, we are of the opinion that the refusal of the trial court to grant appellant a new trial amounted to an abuse of a sound discretion. All other questions are reserved.

Judgment reversed with directions to grant appellant a new trial.