## Latham v. Commonwealth.

(Decided October 30, 1931.)

W. H. HESTER for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

At its December term, 1930, the grand jury of Graves county returned an indictment charging Ruble Latham with the offense of operating a motor vehicle on a public highway while intoxicated. When the case was called for trial at the following March term of the Graves circuit court, Latham and his witnesses were present, but the case was continued by the commonwealth. At the following June term of the court, the case was called for trial. Latham and his witnesses were not present. A trial was had, and Latham was found guilty, and his punishment fixed at a fine of $100 and costs. During the same term, Latham applied for a new trial. In support of his motion, he filed his own affidavit and the affidavits of eight other persons. The court overruled the motion, and Latham appeals.

In addition to his own affidavit, and that of several others to the effect that he was neither the driver of the car nor intoxicated, on the occasion in question, the affidavits disclose the following state of facts: Appellant and his witnesses were present in court. The attorney for the commonwealth, after consultation with Otis Bugg, a witness for the state, announced in the courtroom that all the witnesses in the Latham case might go, but did not say that the case was continued. When appellant went out into the hall of the courtroom, he asked Bradley Coplen something about the case, and Otis Bugg, being present, said, "It's all over with." From this, appellant and several other witnesses who were present understood that the case had been finally disposed of, and would not be tried, and such was the general talk in the neighborhood where appellant lived.

The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously, or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to

the legal relief under Code provisions regulating the granting of new trials on grounds of casualty and misfortune, but it will depend on whether the ends of justice will be furthered, and, in a measure, whether the party complaining has been guilty of laches such as to close the ear of the court to his application. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270. The rule applies in criminal as well as civil cases. Short v. Commonwealth, 221 Ky. 181, 298 S. W. 381; Stewart v. Commonwealth, 197 Ky. 501, 247 S. W. 357.

It is true that a new trial will be denied where the defendant, who was tried in his absence, merely states that he understood that the case had been dismissed, or that it was his understanding that the case had been continued and set for another day, unless he states facts tending to show that he was misled by something said or done by the court, or an officer of the commonwealth, or gives some adequate reason for his understanding. Taylor v. Commonwealth, 218 Ky. 540, 291 S. W. 779; Long v. Commonwealth, 177 Ky. 391, 197 S. W. 843.

As before stated, the affidavits filed by appellant were not controverted. The only question is, whether appellant's understanding and belief that the case had been dismissed and would not be tried were justified by the facts. The attorney for the commonwealth first consulted with a witness for the state, and, without stating that the case had been continued to another day, made the announcement that all the witnesses might go. Not only did the witness for the state understand from the announcement that "it was all over," but the other witnesses got the same impression. In view of the general understanding that the case had been dismissed, we are not prepared to say that appellant's understanding of what occurred was not justified. On the contrary, we are constrained to believe that appellant, who was present with his witnesses and ready for trial at the March term, was not absent at the June term because of any desire to evade a trial, but solely because of the fact that he was actually misled by the announcement of the attorney for the commonwealth. In the circumstances, we conclude that the ends of justice will be best subserved by giving the defendant an opportunity to present his case, and that the trial court abused a sound discretion in not granting him a new trial.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.