## Jacobs v. Commonwealth.

(Decided Jan. 15, 1935.)

**314**

L. C. SLONE and J. C. BURNETTE for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Cuba Jacobs challenges the correctness of the trial court's ruling in denying her a new trial.

The facts are: At the December term, 1932, of the Knott circuit court she was indicted for possessing an illicit still. The case was set for trial on March 8, 1934. Mrs. Jacobs failed to appear, trial was had, and she was found guilty and her punishment fixed at a fine of $100 and thirty days in jail. At the same term she applied for a new trial on the ground that she lived ten miles from Hindman, the place of trial, the weather was bad, and she was sick and unable to make the trip to Hindman on that day. In support of her motion, Mrs. Jacobs filed her affidavit stating that she did not own the still, did not know it was on her land, and never saw the still at any time, and further that she was sick and not able to attend court on the day of the trial, and that the weather was very disagreeable even for well women to travel ten miles over a rough road. She also filed supporting affidavits of Jeff Hall, Monroe Slone, and Carlos Jacobs to the effect that she did not own the still, and was sick and unable to get out of the house on the day of the trial.

The commonwealth takes the position that a defendant in a misdemeanor case may be tried in his absence where his failure to appear is his voluntary act, and that he is not entitled to a new trial on the ground of sickness preventing his presence at the trial in the absence of a motion for a continuance. That is the rule where the defendant is represented by counsel when the case is called for trial (Threlkeld v. Commonwealth, 167 Ky. 615, 181 S. W. 175), but in the very nature of things the rule does not apply to a case where, upon the calling of the case, the defendant was not present either in person or by counsel.

The power of the court to set aside a default judgment at the term at which it is rendered is inherent,

and not dependent upon the sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously, or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend on whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting of new trials on grounds of casualty and misfortune (Civ. Code Prac. sec. 518 [7]), but will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application. The rule applies in criminal as well as civil cases, and a judgment convicting one of a misdemeanor in his absence stands on the same plane as a default judgment. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Short v. Commonwealth, 221 Ky. 181, 298 S. W. 381; Stewart v. Commonwealth, 197 Ky. 501, 247 S. W. 357; Latham v. Commonwealth, 240 Ky. 826, 43 S. W. (2d) 44. Here the application for a new trial was promptly made, and the uncontradicted affidavits filed in support of the application show that Mrs. Jacobs was too ill to attend the trial, and was not guilty of the offense of which she was convicted. In the light of these circumstances, we are constrained to the view that it was an abuse of discretion not to grant a new trial.

Judgment reversed and cause remanded for a new trial consistent with this opinion.