## Cagle v. Stephens, Clerk of Court, et al.

Nov. 7, 1941.

Marvin J. Sternberg for appellant.

Chas. H. Fair and R. E. Lloyd for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Dismissing appeal.

On June 24, 1939, the grand jury of Russell county returned an indictment against Kay Cagle charging him with a violation of the Local Option Law, Kentucky Statutes, Section 2554c-1. On September 23, 1939, the sixth day of the September, 1939, term of the Russell circuit court, the case was called for trial, and the defendant being absent judgment was entered against him for the minimum penalty provided by law; that is, a fine of $20 and imprisonment in the county jail for 30 days. On October 12, 1939, Cagle filed in the Russell circuit court his petition in equity in which J. B. Stephens, clerk of the Russell circuit court, A. W. Leach, sheriff, and J. C. Stephenson, jailer, were named defendants. He asked that J. C. Stephenson be enjoined from holding him on the capias pro fine which had been issued, and that J. B. Stephens, clerk, and A. W. Leach, sheriff, be enjoined from issuing or executing any other process on the judgment which had been entered on September 23, 1939, and he further asked that that judgment be set aside, vacated, and held for naught, and that he be granted a new trial. He alleged in his petition that on the day the case was set for trial he was in a hospital at Danville, Kentucky, and unable to be present in the Russell circuit court, and that he remained in the hospital until September 25, 1939. He further alleged that

he was innocent of the charge contained in the indictment. A special demurrer to the petition was sustained, and the plaintiff filed an amended petition in which he alleged that he was confined in a hospital in Danville, Kentucky, when the judgment was rendered against him on September 23, 1939; that he was represented by counsel who was present in court when the case was called for trial and informed the court that the plaintiff was confined in a hospital. He further alleged that he did not have an opportunity to be heard by himself or counsel or to meet the witnesses face to face, and that he had been deprived of the rights guaranteed to him by the Constitution of Kentucky. A special demurrer to the petition as amended was sustained, and the petition and amended petition were dismissed. The plaintiff has appealed.

Since the judgment which appellant seeks to have vacated was for a fine of $20 and imprisonment for only 30 days, the Court of Appeals has no jurisdiction of an appeal from that judgment.

Appellant's appeal from the judgment dismissing his petition seeking a new trial is only an indirect method of appealing from the original judgment. Apparently appellant is attempting to proceed under Section 518 of the Civil Code of Practice, but this section does not apply to criminal cases. Wellington v. Commonwealth, 159 Ky. 462, 167 S. W. 427; Coldiron v. Commonwealth, 205 Ky. 729, 266 S. W. 374; Jones v. Commonwealth, 269 Ky. 779, 108 S. W. (2d) 816. The procedure for obtaining new trials in criminal cases is set forth in Sections 271 to 274 of the Criminal Code of Practice. In order to obtain a new trial of a criminal case, the application must be made at the same term at which the verdict is rendered unless the judgment be postponed to another term. Criminal Code, Section 273. Six days of the September, 1939, term of the Russell circuit court remained after the judgment was entered and four days after appellant left the hospital. The power of the circuit court to set aside a default judgment at the term at which it is rendered is inherent, and if appellant had filed his motion to set aside the judgment the court, no doubt, would have sustained it. Appellant's attorney was present when the case was called for trial, but he does not allege in his petition that a motion for a continuance was made. When a defend-

ant in a misdemeanor case fails to appear when the case is called for trial, the court is authorized to adjudge that he is guilty of the charge in the indictment and to render a judgment assessing the minimum penalty fixed by law. Bates v. Commonwealth, 190 Ky. 338, 227 S. W. 472; Short v. Commonwealth, 221 Ky. 181, 298 S. W. 381; Jacobs v. Commonwealth, 257 Ky. 313, 78 S. W. (2d) 21; Latham v. Commonwealth, 240 Ky. 826, 43 S. W. (2d) 44. Our Criminal Code of Practice provides ample means for vacating a default judgment in a misdemeanor case, and, under the facts alleged in appellant's petition, it cannot be said that he has been deprived of any constitutional right.

The purpose of this action being to set aside a judgment from which an appeal could not be prosecuted, this court is without jurisdiction to consider the present appeal, and it is dismissed.