## Nelson v. Commonwealth.

February 4, 1949.

298

H. R. Burke and W. S. Harkins for appellant.

J. B. Clark, Commonwealth Attorney, A. E. Funk, Attorney General, and William F. Simpson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

On June 19, 1940, appellant, Jane Nelson, was indicted in the Johnson Circuit Court on two charges of selling intoxicating liquor without a license. On the 27th day of June, 1940, she was tried in absentia and convicted on each of the charges and her punishment fixed at $500 fine for each offense.

Appellant was not arrested on a capias until the 6th day of February, 1948. Whereupon, she filed motion in each case, and in conjunction therewith a petition in equity, seeking to set aside the judgments of conviction. By agreement the two motions and petitions were consolidated for the purpose of trial.

On March 5, 1948, a hearing was had and the court overruled the motions, sustained demurrers to the peti-

tions, and refused to set aside the judgments. From that ruling this appeal is prosecuted.

Appellant insists that the judgments entered on June 27, 1940 were void in that they did not specify the extent of the imprisonment and further because, on the face of the papers, the Sheriff's return shows that appellant had not been arrested or served with bench warrants until after the date of the trial.

It is insisted, first, that the judgments are void because they do not fix the degree of punishment as provided in Criminal Code of Practice, Section 284. We call attention to Section 289 of the Criminal Code of Practice, which provides that if the punishment of an offense be a fine, the judgment may direct that the defendant be imprisoned until the fine is paid, specifying, however, the extent of imprisonment, which shall not exceed one day for each $2.00 of the fine. It will be noted that the Code provides that the judgment may direct and does not make it mandatory. Any failure so to direct cannot be prejudicial since KRS 431.150, in the case of a fine, provides for credit at the rate of $2.00 per day for each day defendant is compelled to remain in jail.

She next urges reversal on the ground that each judgment is void in that she was not before the court at the time of her trial and conviction. As stated above, appellant was indicted on the two charges on June 19, 1940. Bench warrants for her arrest were issued on June 20, 1940. She was tried and convicted in absentia on June 27, 1940. The return of the Sheriff on the bench warrants show that they were executed on her on "8-20-1940". However, the record, although fragmentary and confused, shows the following order:

"This cause coming on for trial and the defendant being before the court and not answering * * *".

The record further shows that at the same term of court motion and grounds for a new trial were filed in each case, one on June 29, 1940, and the other on July 1, 1940, and the court overruled them on July 1, 1940, and granted an appeal.

The record also shows that on May 15, 1941, appellant filed a petition in equity against Charles Williams,

Jailer of Johnson County, seeking her release from the custody of the jailer for the conviction she received in these cases. A demurrer was sustained and no appeal was taken therefrom. In that petition, duly verified, appellant alleged that she was in the custody of the jailer; that she was convicted at the June 1940 term for selling intoxicating liquor without a license; and "that prior to the time of the trial of said case she had employed counsel to represent and defend her upon the trial of said case; that on the day before the trial said counsel called her residence by telephone and advised that the trial would not be tried on the succeeding day and it was unnecessary for her to be present at court or to be represented."

In her present motion to set aside the judgment as void, and in her petition filed in conjunction therewith, she relies on the fact that the Sheriff's return on its face shows she was not served with a bench warrant until after the time of the trial.

We cannot accept the contention of appellant that the judgments are void on their face. In view of the above disclosures, we are inclined to lend weight and credence to the judgments which showed the defendant to be before the court, rather than give superior weight to one numeral on the Sheriff's return showing the bench warrant as having been served on "8-20-1940". It will be noted that the bench warrant was executed on June 20, 1940, or 6-20-1940, and the insertion of the "8" instead of 6 appears most likely to have been a mistake or a clerical misprision on the part of the Sheriff in making his return. The procedure on the part of appellant above in filing her motion and grounds for new trial, and her petition in May 1941, giving reasons for not appearing in court, lend support to this view. In Chapman v. Commonwealth, 199 Ky. 204, 250 S. W. 844, 846, we said:

"Judgments of courts of general jurisdiction are not to be lightly assailed, and every reasonable intendment and presumption will be indulged in their favor."

It is contended that motions to set aside the void judgments were filed pursuant to Civil Code of Practice, Section 763. Whether the petitions as filed were

pursuant to Section 518 of the Civil Code of Practice or merely petitions in equity in the nature of a motion to set aside a void judgment, we cannot determine. Counsel for appellant in their brief say:

"The only procedure for a clarification of the issue was for us to have filed our motions in accordance with the Civil Code of Practice, Section 763, which we have done. We governed ourselves as provided by law and upon being overruled we prosecuted this appeal. We know this Court will take judicial knowledge of the fact that it has jurisdiction of this appeal, so we only call attention to Criminal Code (of Practice), Section 347."

True, Section 347 grants the defendant, against whom a judgment has been rendered for a fine of $50 or more, a right to have such judgment reviewed by the Court of Appeals, but it also provides that the right to appeal shall "be done in the manner provided in the next succeeding section". Section 348 provides:

"The party desiring a review of any such judgment shall cause to be prepared by the clerk of the circuit court a record of the proceedings in that court and file same with the clerk of the Court of Appeals within sixty days after the motion for a new trial in the circuit court has been acted upon, or within sixty days after the bill of exceptions is approved and filed as a part of the record, and shall at the same time file a motion for an appeal from the judgment."

Obviously, appellant has not met the requirements of the above.

Sections 518 and 344 of the Civil Code of Practice do not apply to, and cannot be invoked in, criminal cases. Coldiron v. Commonwealth, 205 Ky. 729, 266 S. W. 374, and Montjoy v. Commonwealth, 270 Ky. 470, 109 S.W. 2d 1209.

Motion for a new trial apparently was made pursuant to Section 763 of the Civil Code of Practice. It is quite obvious that appellant had known for a number of years of the judgments of conviction. We have held under the above section that a motion to set aside a void judgment must be made within 2 years from the time of the entry of the judgment. See McClellan's Adm'r

v. Troendle, Ky., 99 S.W. 329. The judgment was entered over 7 years before this motion was filed.

The court properly overruled the motions and sustained demurrers to the petition.

Wherefore, the judgment is affirmed.