Court of Appeals of Kentucky.

May 9, 1952.

## COMMONWEALTH for Benefit of CITY OF RICHMOND v. SHELTON.

Court of Appeals of Kentucky.

May 9, 1952.

A. E. Funk, Atty. Gen., Walter C. Herdman, Ass't Atty. Gen., James S. Chenault, Richmond, for appellant.

Herman M. Tye, Barbourville, for appellee.

CULLEN, Commissioner.

The Commonwealth appeals from an order of the Madison Circuit Court granting a new trial to the defendant John D. Shelton, who had been convicted of the offense of operating an overloaded truck, which is a misdemeanor. The contention is that the circuit court abused its discretion in granting the new trial.

The prosecution in the circuit court was on appeal from a judgment of conviction in the police court of the City of Richmond. Upon the case being called for trial in the circuit court on May 14, 1951, neither the defendant nor his attorney was present, but another attorney was there to "answer" for the defendant's attorney, and on motion of the Commonwealth the case was reassigned for trial on May 21. On the latter date, the defendant and his attorney again did not appear, and the defendant thereupon was tried in his absence. He was found guilty and a fine of $459 was imposed.

On May 28, the defendant filed motion and grounds for a new trial, setting forth that his attorney was mistaken as to the day of trial, and that he had a good defense in that he could prove by numerous witnesses that the offense did not occur within the city limits of Richmond and therefore the judgment of the Richmond Police Court was void.

In support of the motion for a new trial, the defendant's attorney filed his affidavit stating that he (the attorney) lived in Barbourville, in Knox County; he had requested a Richmond attorney to notify him as to the date set for the trial; the Richmond attorney wrote him a letter stating that the trial was set for May 21, but by inadvertence he read the date to be May 29; and he informed his client that the trial would be on May 29. The defendant's affidavit also was filed, stating that his attorney told him the trial date was May 29, and also stating that the offense did not occur within the city limits of Richmond.

The new trial was granted on the above showing.

In several cases, in upholding the action of a trial court in denying a new trial, this Court has suggested the application of a rather strict rule governing the granting of new trials, and has used language indicating that a defendant tried in his absence cannot obtain relief where his failure to appear was due to negligence on his part or on the part of his attorney. See Long v. Com., 177 Ky. 391, 197 S.W. 843; Scott v. Com., 219 Ky. 55, 292 S.W. 482; Buchanan v. Com., 195 Ky. 800, 243 S.W. 1015; Starkey v. Com., 188 Ky. 40, 220 S.W. 1077.

On the other hand, a more liberal view has been expressed in later cases, to the effect that a defendant seeking to set aside a default judgment in a misdemeanor case, during the term at which the judgment was entered, is not required to show himself strictly entitled to legal relief under the Code provisions regulating the granting of new trials, but may be given relief if to do so will further the ends of justice, and if the defendant has not been guilty of "laches" (which we construe to mean something more than a mere understandable mistake). See Latham v. Com., 240 Ky. 826, 43 S.W. 2d 44; and Jacobs v. Com., 257 Ky. 313, 78 S.W.2d 21.

In the latter two cases, we said that the power to grant a new trial is not to be "withheld as a rebuke for shortcoming in practice."

The trial judge has broad discretion in granting or denying a new trial, and

this Court will not interfere except when that discretion clearly has been abused. We are particularly loathe to interfere where the discretion has been exercised in favor of a new trial.

The order is affirmed.