**Brooks PARSLEY and Willie Parsley, Jr., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Lewis & Weaver and William J. Weaver, London, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

This case presents a question as to when a judge, without a jury, upon a plea of guilty by defendant, may fix the degree of punishment.

Appellants, Brooks Parsley and William Parsley, Jr., were indicted by the Laurel County Grand Jury and charged with the common law offense of assault and battery. A jury returned a verdict of guilty and fixed their punishment at a fine of $2,000 each. A motion for a new trial was sustained and, on the same day, a judgment was entered which reads in part:

"This case came on for hearing on today and the defendants being present and having waived the right of a trial by jury submitted to the law and facts and each entered a plea of guilty to the charge in the indictment, and their punishment is fixed by the court at 12 months in jail and a fine of $100.00 each."

Section 258 of the Criminal Code and KRS 431.130 designate the manner in which punishment for crime may be inflicted. Both of these sections were amended by acts of the General Assembly which became effective in June 1952.

Perhaps a better understanding of the present problem may be had if a resumé of the old law is given. Before the present enactment, the Code simply provided that in verdicts of "guilty" or "for the Commonwealth," the jury should fix the degree of punishment to be inflicted, unless the same was fixed by law. This was interpreted to mean that if the law fixed the punishment, leaving no room for discretion on the part of the jury as to its kind or extent, it was not necessary for them to set it out in their verdict, and the court could inflict the definite punishment by the judgment. Bates v. Commonwealth, 190 Ky. 338, 227 S.W. 472. But if it was not so fixed and choice could be exercised in a field bounded only by maximum and minimum limitations, then it was mandatory that the jury fix the degree of punishment to be inflicted. A corollary right also developed by which a judge was given the right to inflict the minimum penalty which a jury might have imposed, the reason being that the defendant would not be heard to say that his rights were prejudiced when the punishment received was no more than the minimum the jury could have inflicted. Bates v. Commonwealth, 190 Ky. 338, 227 S.W. 472; Strunk v. Commonwealth, 302 Ky. 284, 194 S.W.2d 504; and Strunk v. Commonwealth, 302 Ky. 464, 194 S.W.2d 1002.

Section 258 of the Criminal Code now reads:

"In verdicts of 'guilty,' or a plea of guilty, 'for the Commonwealth,' by agreement of the Commonwealth's Attorney and the defendant, with advice of an attorney, the court may, within its discretion, and without the interven-

tion of a jury, fix the degree of punishment to be inflicted within the minimum or maximum punishment prescribed by law, except where the offense is punishable by death. In the absence of such agreement and in all cases where the offense is punishable by death, the jury shall fix the degree of punishment, unless the same be fixed by law."

An examination of the foregoing section discloses that the broad power to fix the degree of punishment is still vested in the jury, but the judge is given broader powers than he had before its enactment. Now he may, without intervention of the jury, act when certain conditions precedent are met and, on a plea of guilty by the defendant, may operate within the limits of the maximum or minimum punishment prescribed, when the commonwealth's attorney and defendant agree that he may impose the sentence. However, it is equally certain that the defendant's assent to such an arrangement must be with advice of counsel and if this condition is not met, the court is without jurisdiction.

When we return to an examination of that portion of the judgment above quoted, we find that the jurisdictional requirements have not been met because the judgment order shows only that the defendants "waived the right of a trial by jury," and there is no showing that any agreement was made by the commonwealth's attorney nor is it shown that the defendants were represented by counsel.

█ The matter of defendant being given the opportunity to have advice of counsel is vital. As said by the author of Roberson's Criminal Law and Procedure, 2nd edition, section 107a: "The right to be defended by counsel is perhaps the most important privilege that the person accused of crime has, in connection with his trial," and: "The defendant has the right to select his counsel, and is entitled to his assistance at every step and stage of the prosecution." Our founding fathers thought it important enough clearly to give the right by specific mention in the Constitution. Sixth amendment, Constitution of the United States and Section 11, Constitution of Kentucky.

█ We have concluded, therefore, that before a court may exercise the prerogative given under Section 258 of the Criminal Code and KRS 431.130, all conditions precedent must be met and if no agreement is made by the commonwealth's attorney and the defendant *with advice of an attorney,* the court has no power to inflict punishment other than the minimum. The minimum for the common law offense of assault and battery was not inflicted in the instant case because KRS 431.075 provides that the penalty for a common law offense, not otherwise provided by statute, shall be imprisonment in the county jail for a term not exceeding twelve months or a fine not exceeding $5,000, or both.

The right of representation by counsel has been carefully guarded. In Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537, 540, the court placed a duty upon the trial judge to determine whether the waiver of the right to be represented by counsel by the accused was made " 'intelligently, competently, understandingly and voluntarily,' " and held that, in the absence of such a showing in the record that such had been done, the case would be reversed.

We are of opinion, therefore, that since the judgment did not show that the accused here acted with the advice of counsel, it is erroneous and should be reversed.

The contention is made by counsel for the commonwealth that the grounds here urged for reversal were not definitely set out in the motion for a new trial in the circuit court. We agree that the statement was sketchy, meager and lacking in the particular facts but in view of the fact that the action of the court, as recorded in the judgment, presents a question of whether or not he had jurisdiction to impose the penalty, we conclude that the motion was sufficient at least to call the irregularities to his attention.

Judgment reversed.